**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4030-16T1

ARTHUR RICHARDSON,

    Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

    Respondent.

_____

          Submitted May 30, 2018 — Decided June 18, 2018

          Before Judges Carroll and Mawla.

          On appeal from the New Jersey State Parole
          Board.

          Arthur Richardson, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney
          for respondent (Melissa Dutton Schaffer,
          Assistant Attorney General, of counsel; Erica
          R. Heyer, Deputy Attorney General, on the
          brief).

PER CURIAM

    Appellant Arthur Richardson appeals from the April 19, 2017

final agency decision of the New Jersey State Parole Board (Board)

denying him parole and imposing a ninety-six-month future eligibility term (FET). We affirm.

In January 1987, a jury convicted appellant of murder and unlawful possession of a weapon. On March 27, 1987, appellant was sentenced to life imprisonment with a thirty-year mandatory minimum period of parole ineligibility.

Appellant became eligible for parole for the first time on June 22, 2016. However, a two-member panel of the Board denied him parole and referred his case to a three-member panel (panel) to establish an FET. The panel determined a ninety-six-month FET was appropriate.

In a comprehensive decision, the panel noted: (1) the serious nature of the murder offense; (2) appellant has a prior criminal record that is both extensive and repetitive; (3) the nature of appellant's criminal record was increasingly more serious; (4) prior opportunities on probation and parole and previous incarceration failed to deter his criminal conduct; (5) on January 29, 2009, during his incarceration for the subject offenses, appellant committed a disciplinary infraction resulting in sanctions; (6) insufficient problem resolution, including appellant's lack of insight into his criminal behavior, minimizing his maladaptive behavior, and his inability to "communicate any understanding or change in his criminal thinking and lack of

emotional control;" and (6) his risk assessment evaluation score of twenty two, which denotes a medium risk of recidivism.

As mitigating factors, the panel noted: (1) appellant's participation in institutional programs; (2) institutional reports reflected favorable institutional adjustment; (3) appellant attempted to enroll and participate in programs but was not admitted; and (4) appellant had achieved/maintained minimum custody status.

After considering the applicable factors in N.J.A.C. 10A:71-3.11(b), the panel determined a substantial likelihood existed that appellant would commit a new crime if released on parole, and that a FET of ninety-six months was appropriate. Because appellant's present offenses were committed prior to August 19, 1997, the panel observed the ninety-six month FET, which commenced on June 22, 2016, will be reduced by any commutation, work, or minimum custody credits appellant earns. Accordingly, appellant's projected parole eligibility date is January 2021.

Appellant filed an appeal with the full Board. On April 19, 2017, the Board upheld the recommendation to deny parole and to impose a ninety-six-month FET. This appeal ensued.

On appeal, appellant argues, among other things: the Board acted unreasonably in denying his parole request and imposing a ninety-six-month FET; because he has a murder conviction, the

decision to deny parole or impose an extended FET should have been made by the full Board, rather than two and three-member panels; and the Board failed to consider various programs appellant completed in its parole deliberations.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D). We affirm substantially for the reasons expressed in the Board's comprehensive written decision. We add only the following brief comments.

We must accord considerable deference to the Board and its expertise in parole matters. Our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). "'Parole Board decisions are highly individualized discretionary appraisals,' and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citations omitted) (quoting Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (Trantino VI)). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 179 (citing Trantino VI, 166 N.J. at 172). In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated

4

responsibilities is accorded a strong presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citation omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

Where, as here, the crime for which an inmate is incarcerated occurred before August 19, 1997, "the Board panel shall determine whether . . . by a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the laws of the State of New Jersey if released on parole." N.J.A.C. 10A:71-3.10(a). Thus, when an inmate becomes eligible for parole, there is a "presumption in favor of parole," In re Trantino, 89 N.J. 347, 356 (1982) (Trantino II), and the burden is on "the State to prove that the prisoner is a recidivist and should not be released." Trantino VI, 166 N.J. at 197 (quoting N.J. State Parole Bd. v. Byrne, 93 N.J. 192, 205 (1983)). This is a "highly predictive" determination, Thompson v. N.J. State Parole Bd., 210 N.J. Super. 107, 115 (App. Div. 1986) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)), which must take into account "the aggregate of all of the factors which may have any pertinence." Beckworth, 62 N.J. at 360.

N.J.A.C. 10A:71-3.11(b)(1) to (23) contains a non-exhaustive list of factors that the Board may consider in determining whether

an inmate should be released on parole. Among the pertinent factors are "[s]tatements by the inmate reflecting on the likelihood that he or she will commit another crime; the failure to cooperate in his or her own rehabilitation; or the reasonable expectation that he or she will violate conditions of parole[]" as well as "any other factors deemed relevant[.]" N.J.A.C. 10A:71-3.11(b)(17). "[T]he Board [must] focus its attention squarely on the likelihood of recidivism." McGowan, 347 N.J. Super. at 565.

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior[,]" the Board may impose a greater FET. N.J.A.C. 10A:71-3.21(d).

Here, we discern no basis to disturb the Board's decision. The Board considered the relevant factors in N.J.A.C. 10A:71-3.11. Its decision is supported by sufficient credible evidence in the record and is entitled to our deference. Contrary to appellant's contention, there is no evidence the panel or the Board failed to consider his completed programs or other appropriate mitigating factors in their parole deliberations.

As noted, because appellant's offense was committed in 1986, pursuant to N.J.A.C. 10A:71-3.10(a), the proper standard is that an inmate shall be released on parole unless, "by a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the laws of the State of New Jersey if released on parole." The Board correctly applied that standard here.

Finally, appellant's contention that his case should have been heard by the full Board rather than a two or three member panel because only the full Board has the authority to grant parole is without merit. As the Board explained in its April 19, 2017 decision, N.J.A.C. 10A:71-3.18(c) does not permit a Board panel to certify <u>release</u> in the case of an offender serving a term of imprisonment for murder. Rather, if the panel determines release is appropriate, the matter is automatically referred to the full Board for a hearing. <u>Ibid.</u> Here, as the Board correctly noted, the two-member panel did not recommend appellant's release. Rather, it determined parole was not appropriate and consequently it referred the matter to the three-member panel to impose an extended FET.

In sum, we are satisfied the decision to deny parole and impose a ninety-six-month FET was neither arbitrary, capricious nor unreasonable. <u>See</u> <u>McGowan</u>, 347 N.J. Super. at 565 (affirming

the imposition of a thirty-year FET based on appellant's high likelihood of recidivism).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION